
# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

```
NOBUYUKI SAKAKIBARA, UBON, INC.    )   2:08-cv-00418-HDM (RJJ)
and DREAM STAGE HOLDINGS, INC.,    )
                                   )
            Plaintiffs,            )   ORDER
                                   )
vs.                                )
                                   )
PRIDE FC WORLDWIDE HOLDINGS, LLC,  )
PRIDE FC WORLDWIDE, LLC, PRIDE FC  )
WORLDWIDE GK, LORENZO J.           )
FERTITTA, and FRANK J. FERTITTA,   )
III,                               )
                                   )
            Defendants.            )
_____)
```

Before the court is the defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to join an indispensable party, and defendants' alternative motion for stay pending the disposition of the first filed state court action. (#22, 23).  Defendants filed a supplement to their motion to dismiss. (#24).  Plaintiffs responded (#28), and defendants filed a reply to the response.  (#29).

This is a breach of contract action stemming from the purchase by defendants Lorenzo and Frank Fertitta of a mixed martial arts brand known as PRIDE from plaintiff Nobuyuki Sakakibara, a Japanese citizen, and related Japanese entities.  Plaintiffs voluntarily dismissed Japanese defendant Pride FC Worldwide GK (#21), and the court retains this action in its diversity jurisdiction.  However, because parallel claims to those at issue here were presented first by the defendants in Nevada state court, the court concludes that

in the interests of sound judicial administration as expressed in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976), the court will stay the current proceeding until the state court has resolved its action or until further notice of the court.

**I. Legal Standard for Colorado River Abstention**

In *Colorado River*, the Supreme Court noted the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Nonetheless, the court held that certain exceptional circumstances warrant the abstention by federal courts from the exercise of their validly conferred jurisdiction in the interests of sound judicial administration and economy. *Id*. at 817-18.  The Court identified four factors a district court should weigh to determine when those circumstances are present: (1) which court asserted jurisdiction over any property in the action; (2) the inconvenience of the federal forum versus the state forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order of filing for the state and federal actions.  *Id.* at 818-19.  The Court subsequently added two more considerations: (5) whether federal or state law controls the decision on the merits; and (6) whether the state court can adequately protect the rights of the parties. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-24, 26-27 (1983).  However, the Court stated that these factors are not to be used as a checklist, but "applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id*. at 21.  In addition, a court may consider whether exercising jurisdiction

2

would promote forum shopping, although this factor alone would clearly be inadequate. *Fed. Dep. Ins. Corp. v. Nichols*, 885 F.2d 633, 638 (9th Cir. 1989).

## II.  Application of Legal Standard

As a preliminary matter, the court concludes that the claims at issue in the state action and those here are sufficiently similar to allow for abstention under *Colorado River*. *See Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002)("Exact parallelism is not required; it is enough if the two proceedings are substantially similar")(citations omitted).  The court finds that the claims made in Clark County district court and those here meet this requirement for the following reasons: First, while more numerous in the defendants' state court complaint, the claims presented there include those presented here.  Specifically, in both complaints breach of the asset purchase and consulting agreements that governed the sale of PRIDE, as well as fraudulent and negligent misrepresentation with respect to those agreements, constitute the gravamen of the allegations.  Second, with few exceptions, the parties of both cases are identical.  The defendant Pride FC Worldwide entities in the federal complaint are the same plaintiff entities in the state action except for Pride FC Worldwide, GK, which was voluntarily dismissed.  The plaintiffs also joined the Fertittas individually as defendants.  The defendants in the state action are the same as the plaintiffs in the federal action, with the exception of two companies named Dream Stage Entertainment Inc., one a Nevada corporation, and the other Japanese.  Finally, the complaints in both the state and federal actions seek similar

3

damages. The parallelism requirement for *Colorado River* abstention is therefore met.

Turning to the seven factors articulated in *Colorado River* and subsequent cases, the court concludes that on balance they favor abstention. The first and second prongs are unavailing. There is no res at issue that would favor one court, and neither party has expressed any concern for the inconvenience of the federal forum.

The third and fourth prong of the *Colorado River* test, however, favor abstention. As discussed above, the claims presented in the federal and state actions are substantially similar, and pursuit of the same claims in both jurisdictions risks producing inconsistent results and the duplication of efforts by the parties. The defendants filed their state action on February 1, 2008, two months prior to the date the complaint was filed in this action. Deference should be given to the court that first retains jurisdiction, particularly when the second suit is in federal court on grounds of diversity with no federal claims. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1155-56 (9th Cir. 2007)(J. Ferguson, concurring).

There is some disagreement between the parties as to whether the fifth prong favors abstention. This action is fundamentally a contract dispute and therefore governed by state law. Furthermore, Nevada gaming requirements appear to undergird several of the provisions in the contracts. Defendants contend that a material condition of their purchase of the PRIDE brand was that the plaintiffs submit to appropriate background checks and drug tests to ensure compliance with the rules and regulations of the Nevada Gaming Commission and the National Indian Gaming Commission. (Def.

4

Mot'n to Dismiss at 18). Plaintiffs respond that the Nevada state court would be unable to resolve any specific gaming license problems, as that is a function left exclusively to the Nevada Gaming Commission. (Pl. Oppo. at 7). Neither party has submitted copies of the contracts so the court is unable to specifically address this issue. Nevertheless, the plaintiffs' allegations in the complaint make clear that gaming license issues are intertwined with the claims before both courts. Therefore this factor weighs in favor of abstention to allow the state court to resolve any questions of state law that may be implicated in the contract provisions.

Neither party contends that the state court would be unable to protect the rights of the parties, and indeed, as stated above, the court concludes that the state court may be a more appropriate venue to resolve any issues concerning state-created rules. The sixth prong therefore also weighs in favor of abstention.

Under the seventh and final prong, the court must consider whether exercising jurisdiction would promote forum shopping. The court is mindful of the defendants' argument that plaintiffs are engaged in forum shopping in an effort to gain some tactical advantage and delay judgment in the state case. (Def. Supp. to Mot'n to Dismiss at 2). Defendants point to the fact that the plaintiffs filed this federal action only two months after the complaint in the state action was filed, and that they excluded certain entities named in the state action to ensure complete diversity in this court. For purposes of this motion the court does not need to determine the plaintiffs' motives for the federal filing. It is sufficient to conclude here that the state forum

5

provides an appropriate venue for the adjudication of the issues presented in this action, and that in the interests of judicial economy and to avoid duplicative litigation, the court should stay the current proceedings.

### III. Conclusion

For the foregoing reasons, the motion to dismiss is denied. The motion to stay this action is granted.  Either party may petition the court to reopen this action for good cause.  The clerk of the court shall administratively close this case until further order of the court.

**IT IS SO ORDERED.**

DATED: This 28th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE

6